UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY BUHK,

    **Plaintiff,**

    v.                                                      Case No. 12-CV-615

CAROLYN W. COLVIN,
Acting Commissioner, Social Security Administration,[1]

    **Defendant.**

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

Plaintiff, Timoth Buhk, sought judicial review pursuant to 42 U.S.C. § 405(g) of the denial of disability and disability insurance benefits by the Commissioner of Social Security. On February 28, 2013, this Court ordered that the case be remanded to the Commissioner pursuant to sentence four of § 405(g). Now before the Court is the plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the reasons stated in this opinion, I will grant the motion.

## EAJA STANDARD

Under the EAJA, the prevailing party in litigation against the federal government is entitled to attorney's fees if: (1) the government's pre-litigation or litigation positions were not substantially justified; (2) no special circumstances exist that would make an award unjust; and (3) the request is

---

[1] The Court has amended the caption to substitute Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, as the defendant in this case. On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d) and the last sentence of 42 U.S.C. § 405(g), Carolyn W. Colvin is automatically substituted as the defendant in this action.

timely filed with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006).

When the Commissioner challenges the fees on the ground that her position was substantially justified, as she does here, she bears the burden of proving that her position was substantially justified. *Cunningham*, 440 F.3d at 864. The Commissioner's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person," that is, if it has "a reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A loss on the merits does not automatically result in a finding that the government's position was not substantially justified. *See id.* at 569. In assessing whether the Commissioner's position was substantially justified, the Court must look at the Commissioner's conduct as a whole. *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). EAJA fees are not determined by the number of successful arguments, and a party's success on a single claim will rarely be dispositive of whether the government's overall position was substantially justified. *Id.*

The Commissioner's position includes her position during litigation and her position during the administrative proceedings. *See* 28 U.S.C. § 2412(d)(1)(B), (2)(D). Further, the administrative law judge's decision is considered part of the Commissioner's prelitigation, administrative position. *Cunningham*, 440 F.3d at 863–64.

Whether the Commissioner's position is substantially justified is left to the discretion of the district court, "in no small part because the analysis is not susceptible to a firm rule or even a 'useful generalization.'" *Bassett v. Astrue*, 641 F.3d 857, 859 -860 (7th Cir. 2011) (quoting *Pierce*, 487 U.S. at 561-62). While there is no "firm rule," the Seventh Circuit has provided some "helpful benchmarks" as to whether the Commissioner's position is substantially justified. *Id.* at 859. To begin, the Commis-

sioner's position may be substantially justified even if it turns out to be completely wrong. *Id.* The ALJ's opinion might offer merely a "cursory and inadequate" analysis of an important point, but that shortcoming alone usually will not be enough to poison the opinion—or the Commissioner's defense of the opinion. *Id.* (internal citation omitted). That is because the requirement that the ALJ must articulate an assessment of the evidence is "deliberately flexible," so the ALJ's failure to "connect all the dots" in the analysis, and the Commissioner's defense of those gaps in the ALJ's reasoning, is likely to be grounded in a reasonable, albeit erroneous, interpretation of the facts and law. *Id.* at 859-60 (citing *Cunningham*, 440 F.3d at 864–65). It typically takes something more egregious than an error in articulation to make the Commissioner's position unjustified. *Id.* at 860 (citing *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004)). Rather, the error must be something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the Commissioner's defending the ALJ's opinion on a forbidden basis. *Id.*

## DISCUSSION

Here, the Commissioner opposes Buhk's request for fees solely on the ground that her position was substantially justified. The Commissioner has not challenged the reasonableness of the fee request. The Commissioner argues that her position was substantially justified for several reasons. First, the Commissioner argues the Court rejected the plaintiff's argument that the ALJ erred in not finding that he had an impairment that met or equaled an impairment in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 and rejected the plaintiff's argument regarding the ALJ's restriction to an allowance for sitting and standing at will in her RFC finding. (Commissioner's Br. at 4, Docket # 27.) Second, the Commissioner contends that although the Court remanded plaintiff's case on the grounds that the ALJ erred in discounting Dr. Brauer's opinion and analyzing plaintiff's

-3-

credibility, the ALJ's consideration of the record was not so deficient that it was not substantially justified. (*Id.*) I will address each argument in turn under the EAJA standard. *See Cummings v. Sullivan*, 950 F.2d 492, 498 (7th Cir. 1991) (explaining that the "substantial evidence" and "substantial justification" standards are used at difference stages and involve different tests).

### 1. Court's Rejection of Plaintiff's Arguments

The Commissioner argues her position was substantially justified because the Court rejected Buhk's argument that the ALJ erred in not finding that he had an impairment that met or equaled an impairment in the Listings and Buhk's argument regarding the ALJ's restriction to an allowance for sitting and standing at will in her RFC finding. (Docket # 27 at 4.) While it is true the Court found no error in the ALJ's determination at step three, the Commissioner overstates the Court's rejection of Buhk's sit/stand option argument.

The Court did reject Buhk's recitation of the law regarding whether a sit/stand option "at will" properly specifies the frequency of the sit/stand option in compliance with Social Security Ruling 96-9p; however, it should be noted that the Court also remanded based on the ALJ's improper assessment of Buhk's RFC. Specifically, the Court found the ALJ failed to properly weigh the opinion of Buhk's treating physician, Dr. Brauer, that Buhk could not stand for more than 1-2 hours in a workday and failed to properly consider Buhk's testimony that he could not stand for long periods of time because of the diabetic neuropathy in his lower extremities. The Court found that after properly considering all of the evidence regarding Buhk's RFC assessment on remand, this may alter the ALJ's finding on Buhk's ability to sit and stand and therefore change the ALJ's sit/stand option given as part of Buhk's RFC. While Buhk improperly stated the law as to the sit/stand option

-4-

in his brief, this does not change the fact the ALJ's RFC assessment was not supported by the substantial evidence.

In assessing whether the Commissioner's position was substantially justified, the Court must look at the Commissioner's conduct as a whole. *Stewart*, 561 F.3d at 683. Thus, although the Court agreed with the Commissioner that the ALJ did not err at step three, this finding, in and of itself, is not sufficient to make the Commissioner's position substantially justified.

### 2. *Weight Given to Treating Physician*

The Commissioner also argues that although the Court rejected the ALJ's finding on the weight given to Dr. Brauer's opinion, the Commissioner's position is substantially justified because the ALJ's consideration of the record was not deficient. I disagree. Here, the ALJ's failure to comply with Social Security Ruling 96-2p ("SSR 96-2p") was more than an inadequate articulation of her reasoning. Rather, the ALJ failed to consider a significant body of evidence in violation of 20 C.F.R. § 404.1527(c)(2) and SSR 96–2p. To begin, the ALJ discounted Dr. Brauer's opinion, stating that Dr. Brauer's assessment appeared "sympathetic to the claimant and does not consider the claimant's failure to comply with the recommended treatment." (R. 29.) The ALJ relied on the evidence in the record showing multiple medication adjustments, Buhk's use of alternative methods of treatment, and Buhk's consumption of sugar to raise his blood sugar levels. (*Id.*)

In finding the ALJ improperly discounted Dr. Brauer's restrictions regarding Buhk's ability to sit and stand for only 1-2 hours at most during the work day, as well as his opinion Buhk was unable to do repetitive lifting, squatting, and bending, the Court found the ALJ failed to cite records indicating Buhk was experiencing diabetic neuropathy of his lower legs, edema in his lower extremities, pain in his calves, and daily numbness in his feet. The ALJ also failed to consider Buhk's testimony that he was having trouble standing due to balance issues and had pain in his feet that felt

like he was "standing on glass." (R. 48.) The Commissioner argues that although the ALJ did not recite each finding in the medical records, she provided the exhibit numbers in her discussion, indicating she considered the evidence the Court stated she failed to consider. While she may have generally cited the majority of Buhk's medical records in drafting her decision, no where in the decision does it appear the ALJ considered Buhk's problems with pain, numbness, and edema in his lower extremities. Nor does she cite Buhk's testimony in her opinion. Although the Commissioner assumes these portions of the record were considered by the ALJ based on the ALJ's general citation to the records, the fact of the matter is that the ALJ did not articulate her reasoning. The Commissioner cannot make her position substantially justified through post hoc argument. *See Jenkins v. Astrue*, 544 F. Supp. 2d 736, 742 (N.D. Ill. 2008) ("[N]o amount of post-hoc rationalization by the Commissioner can render the government's position substantially justified.").

Further, the ALJ rejected Dr. Brauer's opinion as sympathetic to Buhk without providing any evidence beyond this assertion to support Dr. Brauer's alleged bias. Finally, the Court found the ALJ incorrectly determined that Dr. Brauer did not consider Buhk's failure to comply with recommended treatment and failed to show how the multiple medication adjustments, Buhk's use of coral calcium and bilberry, and Buhk's use of sugar to raise his blood sugar when too low undermined Dr. Brauer's assessment. Rather, the Court found Buhk's use of sugar to raise his blood sugar when too low was actually consistent with Dr. Brauer's treatment recommendation.

Because the ALJ failed to consider a significant body of evidence in weighing the opinion of Buhk's treating physician, the Commissioner's position is not substantially justified on this basis.

-6-

Case 2:12-cv-00615-NJ   Filed 04/30/13   Page 6 of 9   Document 29

### 3. *Credibility*

Finally, I also reject the Commissioner's argument that her position regarding Buhk's credibility was substantially justified because the record evidence indicated Buhk was not compliant with recommended treatment and stopped working due to a layoff. Pursuant to Social Security Ruling 96-7p, an ALJ must first explore a claimant's reasons for lack of medical care before drawing a negative inference. While the Commissioner argues the record evidence shows Buhk was non-compliant with treatment, as discussed in the decision on the merits, the error was the ALJ's failure to properly consider Buhk's explanation for why he was non-complaint with treatment.

The ALJ relies solely on a single treatment note from February 17, 2011 in which the physician's assistant noted that Buhk was an "eccentric gentleman" who was never convinced that he had diabetes and believed that perhaps an infestation of parasites or worms were causing his symptoms. However, the record is replete with notations that Buhk was not taking his medications because he could not afford them. This includes a notation immediately after the February 17, 2011 record which stated that Buhk's poorly controlled diabetes was "mostly because he has no money to buy Insulin or diabetic testing supplies." (R. 466.) Further, the ALJ failed to show how the fact Buhk was treating his symptoms with alternative methods and stopped taking Lyrica for his diabetic neuropathy because it was "too expensive" undermined his credibility.

Also, the ALJ improperly made her own independent medical finding when she stated that Buhk's practice of consuming sugar to raise his blood sugar when it was too low significantly contributed to Buhk's uncontrolled diabetes. (R. 29.) This is in violation of Seventh Circuit law. *See Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("[A]s this Court has counseled on many occasions, ALJs must not succumb to the temptation to play doctor and make their own independent medical

-7-

Case 2:12-cv-00615-NJ   Filed 04/30/13   Page 7 of 9   Document 29

findings.") No where in the medical records is this connection made and in fact, the practice was consistent with the instruction given by Dr. Brauer who told Buhk to take a "15 gram bedtime snack at bedtime if blood sugar is under 150." (R. 464.)

Finally, the ALJ incorrectly utilized Buhk's acceptance of unemployment compensation as conclusive evidence that he was "ready, willing, and capable of working." (R. 29.) While the Commissioner argues the ALJ properly considered all the record evidence, this is incorrect. The ALJ failed to consider the explanation Buhk gives on his function report that he has been unable to find a job because "I can not do 1/4 what I used to" (R. 151) and ignores Buhk's explanation in his disability report that he stopped working not only because he was "laid off," but because he was "feeling poorly and fatigued by the time this job ended." (R. 128.)

In summary, this is not a case where the ALJ merely failed to "connect all the dots" in the analysis. Rather, the ALJ failed to consider a large body of evidence in assessing Buhk's credibility in violation of SSR 96-7p, both regarding his reason for failing to follow the prescribed course of treatment and his receipt of unemployment compensation. The ALJ also improperly made her own independent medical finding, in violation of Seventh Circuit law. When an ALJ's decision violates "clear and long judicial precedent and violated the Commissioner's own Ruling and Regulations," a finding against substantial justification is warranted. *See Golembiewski*, 382 F.3d at 724.

As such, the Commissioner's position on this ground is not substantially justified.

### 4. Fees Requested

A plaintiff bears the burden of proving the reasonableness of hours worked and the hourly rate claimed under the EAJA. 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Buhk requests an award of $8,229.75 for 45 hours of work (with 31.20 hours completed in 2012 and 13.80 hours completed in 2013) at the rate of $182.50 per hour for work completed in 2012 and

$183.75 per hour for work completed in 2013. (Docket # 25-2.) His counsel's affidavit provides an itemized list of billing entries and his calculation of the EAJA rate adjusted for inflation. (*Id.*, Docket # 26 and # 26-1.) Here, the Commissioner does not challenge the amount of hours plaintiff's counsel claims to have worked or the hourly rate used by plaintiff's counsel.

In plaintiff's reply brief, counsel indicates he spent another 5.6 hours for preparation of the reply brief. (Docket # 28 at 14.) The Court finds that this amount of time was reasonable and will add it to the 45 hours initially requested.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for attorney's fees under the Equal Access to Justice Act (Docket # 24) is granted in the total amount of $9,258.75.

**IT IS FURTHER ORDERED** that such fee is awarded to plaintiff's counsel, David F. Traver, pursuant to Buhk's agreement so providing.

Dated at Milwaukee, Wisconsin this 30th day of April, 2013.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge
