# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TIMOTHY BUHK,**

    **Plaintiff,**

    **v.**                                                                                      **Case No. 12-CV-615**

**CAROLYN W. COLVIN,**
**Acting Commissioner, Social Security Administration,**

    **Defendant.**

# ORDER

On February 28, 2013, this Court reversed the Social Security Commissioner's decision denying plaintiff's, Timothy Buhk, application for disability and disability insurance benefits and remanded the case for further proceedings. (Docket # 22.) This Court then awarded plaintiff's counsel $9,258.75 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket # 29.) Plaintiff's counsel now seeks approval pursuant to 42 U.S.C. § 406(b) of attorney's fees and has filed a stipulation indicating that the Commissioner does not oppose the plaintiff's counsel's request. (Docket # 30.)

While the Commissioner "has no direct financial stake in the answer to the § 406(b) question," she "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). However, the court must approve any fee under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Id.* at 807. Thus, despite the Commissioner's approval, I must still conduct an "independent check" on the reasonableness of the fees sought. And I cannot, on the

record before me, approve the fees sought by plaintiff's counsel under § 406(b). Plaintiff's counsel has not provided any information regarding the amount of past-due benefits awarded to Buhk, nor has he shown that the amount of attorney's fees requested properly offsets the previously obtained fees under the EAJA. *See Hanrahan v. Shalala*, 831 F. Supp. 1440, 1452 (E.D. Wis. 1993) (stating that "when attorney's fees are awarded under both the SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee but must return the smaller fee to the claimant"). Further, the stipulation provided by plaintiff's counsel requests both $3,755.25 in fees (Docket # 30 at 1) and $17,611.75 in fees (*id.* at 2). Thus, by **March 31, 2015**, plaintiff's counsel must clarify the amount of fees sought to be approved and provide the supporting documents necessary for the Court to evaluate whether the requested fees are reasonable in this case.

Dated at Milwaukee, Wisconsin this 17th day of March, 2015.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge