# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TIMOTHY BUHK,**

    **Plaintiff,**

    **v.**                                                                      **Case No. 12-CV-615**

**CAROLYN W. COLVIN,**
**Acting Commissioner, Social Security Administration,**

    **Defendant.**

## DECISION AND ORDER APPROVING AN AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

On February 28, 2013, I reversed the Social Security Commissioner's decision denying plaintiff's, Timothy Buhk, application for disability and disability insurance benefits and remanded the case for further proceedings. (Docket # 22.) I then awarded plaintiff's counsel $9,258.75 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket # 29.) Following further administrative proceedings, the Commissioner found Buhk disabled and the Social Security Administration informed Buhk's counsel that it was withholding $26,870.50, which represents 25% of Buhk's past-due benefits, for the purpose of paying attorney's fees approved by the Court . (Docket # 32-2.) Buhk's counsel now seeks approval pursuant to 42 U.S.C. § 406(b) of fees in the amount of $17,611.75 under his contingency fee agreement with plaintiff. (Docket # 32.) The Commissioner does not oppose Buhk's motion. (Docket # 30.)

An attorney who succeeds in obtaining benefits for a social security claimant may recover fees pursuant to 42 U.S.C. § 406. Section 406(a) governs fees for representation in administrative proceedings before the Social Security Administration ("SSA"); § 406(b) controls fees for

representation in federal court. *Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 660 (N.D. Ill. 2004) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). The statute provides for a "reasonable fee" not to exceed 25% of the past-due benefits awarded to the claimant. *Id.* at 661. Such fees are deducted from the claimant's retroactive benefits; they do not constitute an award against the government. *Id.*

If the attorney previously obtained fees from the government under the EAJA for work performed in court, such award offsets the allowable fee under § 406(b). *Id.* at 664; *see also Hanrahan v. Shalala*, 831 F. Supp. 1440, 1452 (E.D. Wis. 1993) (stating that "when attorney's fees are awarded under both the SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee but must return the smaller fee to the claimant").

The court must approve any fee under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht*, 535 U.S. at 807. "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

In this case, Buhk entered into a 25% contingency fee agreement with counsel. (Docket # 32-1.) Twenty-five percent of Buhk's past-due benefits is $26,870.50. (Docket # 32-2.) Counsel

previously received $9,258.75 under the EAJA. Counsel therefore seeks an award of $17,611.75, consistent with his 25% contingency fee agreement, following an offset for the $9,258.75 previously paid under the EAJA. Counsel states that Buhk entered into the fee agreement with the understanding that counsel's attorney's fee would be determined on the basis of risk-related contingency, regardless of the amount of the hourly fee. (Docket # 32 at 3.) Counsel contends that given the intent of the parties, the risk he assumed in accepting the case, counsel's experience, and the success achieved, the requested fee is reasonable. (*Id.*)

Pursuant to *Gisbrecht*, I find the requested fee is reasonable. First, Buhk's counsel timely filed comprehensive and well written briefs before this Court. Second, the results obtained were fully favorable. Buhk was awarded benefits, including $107,482.00 in past due benefits. Finally, the fee does not constitute a windfall to the attorney. The amount sought by counsel under § 406(b), reduced by the previous EAJA award, is within the 25% permitted by law and provided for in the fee agreement. Although the fee of $17,611.75 for 50.6 hours of work (Docket # 32 at 2) equates to an hourly fee of approximately $348/hour, this is well within the realm of reasonable fees approved by the courts in this circuit. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D.Wis. 2007) (approving hourly rate of $580.67 per hour for 38.80 hours of court work); *Stemper v. Astrue*, No. 04-CV-838, 2008 WL 2810589, *1 (W.D. Wis. July 14, 2008) (approving rate hourly rate of $666 per hour); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, *3 (N.D. Ill. Nov. 22, 2002) (approving hourly rate of approximately $393.00 per hour for 53.90 hours of court work).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) is hereby **GRANTED**, and Attorney David Traver is awarded fees in the amount of $17,611.75.

Dated at Milwaukee, Wisconsin this 1st day of April, 2015.

                                          BY THE COURT:

                                          *s/Nancy Joseph*
                                          NANCY JOSEPH
                                          United States Magistrate Judge